ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICAH SMITH
Deputy Chief, Criminal Division

MARSHALL H. SILVERBERG #5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:    Marshall.Silverberg@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 18, 2019

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>YIMIN GUO,<br><br>　　　　　Defendant. | )  CR. NO. 19-00029 LEK<br>)<br>)  MEMORANDUM OF PLEA<br>)  AGREEMENT<br>)<br>)  DATE:  July 18, 2019<br>)  TIME:  2:45 p.m.<br>)  JUDGE: Hon. Leslie E. Kobayashi<br>)<br>) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, YIMIN GUO, and her attorney, Assistant Federal Public Defender Craig Jerome, have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that she has been charged in the Indictment with violating Title 18, United States Code, Section 1542 (Count 1), and Title 18, United States Code, Section 1015(a) (Count 2).

2. The defendant has read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney.

3. The defendant fully understands the nature and elements of the crimes with which she has been charged.

## THE AGREEMENT

4. The defendant will enter a voluntary plea of guilty to Count 2 of the Indictment. In exchange, the government will move to dismiss Count 1 at time of sentencing, not seek to file any other criminal charges based upon conduct presently known to the government, and not seek an upward departure or upward variance at time of sentencing. However, after the defendant has served her sentence, the government intends to seek her removal from the United States.

2

5.  The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.  The defendant enters this plea because she is in fact guilty of knowingly making false statements under oath in a case, proceeding, and matter relating to, and under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens, in violation of Title 18, United States Code, Section 1015(a). The defendant agrees that this guilty plea is voluntary and not the result of force or threats.

## **PENALTIES**

a.  The defendant understands that the penalties for the offense to which she is pleading guilty include: a term of imprisonment of not more than five years, a fine of up to $250,000, plus a term of supervised release of not more than three years. In addition, the Court must impose a $100 special assessment. The defendant agrees to pay $100 to the District Court's Clerk's Office, to be credited to said special assessment, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

      b.    **<u>Consequences of Conviction for the defendant being a Non-United States citizen.</u>**  The defendant has been advised by her counsel and she understands that because she is not a citizen of the United States, her conviction in this case makes it practically inevitable and a virtual certainty that she will be subject to removal from the United States.  The defendant may also denied United States citizenship and admission to the United States in the future.

      c.    The defendant has been advised by the government that the government intends to institute removal proceedings against her because of the false statements she made to the United States Department of State in seeking a United States passport and to the United States Department of Homeland Security, United States Citizenship and Immigration Services in seeking U.S. citizenship, as set forth in *both* Counts 1 and 2 of the Indictment and as set forth herein.  In other words, while the defendant is pleading guilty only to Count 2 of the Indictment, and not Count 1, the false statements she made to the United States Department of State and charged in Count 1 of the Indictment may be considered relevant conduct by the Court in imposing sentence and also they may be relevant in any future proceeding instituted by the government seeking the defendant's removal from the United States.

## **FACTUAL STIPULATIONS**

      7.     The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

      a.  On May 9, 2017, the defendant submitted a Form N-400, "Application for Naturalization," to the United States Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS). In that form, the defendant made multiple false statements, some of which are listed in Count 2 of the Indictment and repeated below.

      b.  On October 3, 2017, the defendant appeared at the USCIS offices in Honolulu, Hawaii, in the District of Hawaii. There, she took an oath to tell the truth before she was interviewed by a Supervisory Immigration Services Officer J.R. The interview was video and audio recorded. During the interview, the defendant signed the Form N-400 under oath and penalty of perjury. At the conclusion of the interview, J.R. prepared a two-page "Record of Sworn Statement" to which the defendant read and certified, under penalty of perjury, the truthfulness of the statements.

c. In the combined three instances -- in the Form N-400, during her naturalization interview conducted by J.R., and as part of the "Record of Sworn Statement" -- the defendant knowingly made the following false statements under oath:

(1) She falsely stated that she had never claimed to be a U.S. citizen when in fact, as YIMIN GUO well knew, on May 3, 2012, she had claimed to be a U.S. citizen in her application for a U.S. Passport;

(2) She falsely stated that she had never had a passport with a different name on it when in fact, as YIMIN GUO well knew, from 2002 until 2012 she had in her possession a U.S. passport, number 206772288, with the name of Katherine Fconomos;

(3) She falsely stated that she had never possessed a U.S. passport with her picture on it when in fact, as YIMIN GUO well knew, from 2002 until 2012 she had in her possession a U.S. passport, number 206772288, with her picture on it and with the name of Katherine Fconomos;

(4) She falsely stated that she had never used a U.S. passport to enter the United States when in fact, as YIMIN GUO well knew, on multiple occasions from 2002 until 2012, she had entered the United States by using her U.S. passport, number 206772288, with her picture on it and with the name of Katherine Fconomos;

(5) She falsely stated that she had never lied to U.S. Government officials to gain entry or admission into the United States when in fact, as YIMIN GUO well knew, she had entered the United States on multiple occasions by lying about her identity; and

(6) She falsely stated that she had never been a prostitute, or procured anyone for prostitution, or been arrested for any offense when in fact, as YIMIN GUO well knew, she had been arrested multiple times in 1997-1999 for being a prostitute and in 1998 she had been found guilty of promoting prostitution.

6

      d.    Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

    8.    Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

      a.    The parties stipulate and agree that U.S.S.G. § 2L2.2 applies.

      b.    As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

7

        c.     The United States Attorney agrees that the defendant's agreement herein to enter into guilty pleas constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

    9.     The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

10. The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

The defendant is aware that she has the right to appeal her conviction and the sentence imposed. The defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, her conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a. The defendant also waives the right to challenge her conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of her sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

11.  In connection with the collection of restitution or other financial obligations that may be imposed upon her, the defendant agrees as follows:

      a.    The defendant agrees to fully disclose all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete the financial statement form provided to the defendant in connection with this Agreement by the earlier of 45 days from the defendant's signature on this Agreement or the date of the defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office. The defendant agrees

to provide updates with any material changes in circumstances, as described in Title 18, United States Code, Section 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

      b.    The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on her. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

      c.    Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

## **IMPOSITION OF SENTENCE**

12.    The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability

of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

13. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines the charges to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

14. The defendant understands that by pleading guilty she surrenders certain rights, including the following:

   a. If the defendant persisted in a plea of not guilty to the charges against her, then she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

   c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

   d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

      e.    At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

15.    The defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

16.    If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw her guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that she makes by signing this Agreement or that she makes while pleading guilty as set forth in this Agreement may be used against her in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it.

Under those circumstances, the United States may not use those statements of the defendant for any purpose.

17. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
MICAH SMITH
Deputy Chief
Criminal Division

_____
CRAIG JEROME
Assistant Federal Public Defender
Attorney for Defendant

_____
MARSHALL H. SILVERBERG
Assistant United States Attorney

_____
YIMIN GUO
Defendant